HONORABLE THOMAS O. RICE

1

2  David Solis
   Lori Jordan Isley
3  Joachim Morrison
   COLUMBIA LEGAL SERVICES
4  6 South Second Street, Suite 600
   Yakima, WA 98901
5  (509) 575-5593

6

7              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
8

9  ULISES ALVAREZ, individually and on      CLASS ACTION
   behalf of all other similarly situated
10 persons,                                  No. 1:15-cv-03185

11                          Plaintiffs,      **STIPULATION OF
                                             SETTLEMENT AND RELEASE
12      vs.                                  BETWEEN PLAINTIFFS AND
                                             DEFENDANT**
13 UPLAND VINEYARDS L.L.C.,

14
                            Defendant.
15

16      This Stipulation of Settlement and Release ("Stipulation of Settlement" or

17 "Settlement Agreement") is made and entered into on December 30, 2015 by and

18

19 between Plaintiff ULISES ALVAREZ ("Plaintiff"), individually and on behalf of

20 all other similarly situated persons, and Defendant UPLAND VINEYARDS

21
   L.L.C. ("Defendant" or "Upland"), and is subject to the terms and conditions
22

23 hereof and the approval of the Court. Plaintiff and other members of the

24 purported class (Plaintiffs) and Defendant are referenced collectively herein as

25
   "the Parties."
26

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 1
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## BACKGROUND AND RECITALS

1.    On October 20, 2015, Plaintiff filed a proposed Class Action Complaint in the United States District Court for the Eastern District of Washington (the "Action"). Plaintiffs are migrant and seasonal farmworkers who were employed by the Defendant to pick cherries in 2014. Plaintiffs allege they were discharged by their former employer, Upland Vineyards, in retaliation for joining together to enforce Upland's promised piece-rate after the Defendant orally advised them the piece-rate would be reduced. Plaintiffs sought redress under federal and state law.

2.    Defendant denies Plaintiffs' allegations. Defendant contends Plaintiffs voluntarily quit when Defendant would not meet their piece-rate demands. Defendant contends the reduction in piece rate resulted in an increase in equivalent hourly wages.

3.    Plaintiffs allege multiple violations of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801 et seq. ("AWPA") including, discharging class members for exercising their rights under AWPA and breaching the working arrangement by unilaterally lowering promised piece rates. Plaintiffs also assert an overlapping state law claim under Washington's Little Norris La Guardia Act, RCW 49.32.020, which protects workers who engage in "self-organization or other concerted activities."

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 2
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

4.    Plaintiffs also allege Upland failed to pay Plaintiffs for rest periods that were not provided. Plaintiffs sought compensation for unpaid rest breaks during the 2012 and 2013 seasons and the 2014 cherry harvest under AWPA and Washington wage laws.

5.    Defendant denies liability for the rest break claims. Defendant contends rest breaks were consistently provided in the manner expressly required by law, and that rest breaks were compensated in a manner consistent with industry practices.

6.    The Complaint alleges seven causes of action: (1) Violations of AWPA (29 U.S.C. §1855(a)) – Retaliation; (2) Violations of AWPA (29 U.S.C. §1822(c) and 1832(c)) – Breach of Working Arrangement; (3) Violations of AWPA (29 U.S.C. §1822(a) and §1832(a) – Failure to Pay Wages When Due; (4) Violations of AWPA (29 U.S.C. §1831(c)(1) and §1821(d)(1)) – Failure to Maintain Accurate Payroll Records; (5) Violations of RCW 49.32.020 – Interference with Concerted Activity; (6) Violations of RCW 49.46.90 – Failure to Pay for Rest Periods pursuant to WAC 296-131-020(2); (7) Violations of RCW 49.52.050 – Willful Refusal to Pay Wages.

7.    Plaintiff Alvarez ("Representative Plaintiff") brought the Action as a class action on his own behalf and on behalf of a class of persons similarly situated pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure,

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 3
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

consisting of all migrant and seasonal farm workers employed as cherry pickers at Upland in 2014 who were discharged on June 10th, 2014.

8.      For purposes of this Settlement Agreement, the "Settlement Class" consists of all Settlement Class Members who do not opt out of the Settlement Agreement.  "Settlement Class Members" shall be defined as follows:

> All migrant and seasonal farm workers employed as cherry pickers at Upland in 2014 whose employment was terminated on June 10th, 2014.

The parties agree there are sixty-seven (67) Settlement Class Members (Exhibit "A").  Defendant denies that any employee was involuntarily terminated, but otherwise agrees with the class definition and agrees with Plaintiff regarding the members of the class.

9.      Plaintiffs' Complaint seeks statutory damages under AWPA, unpaid wages and interest under the Washington Minimum Wage Act ("MWA") and WAC 296-131-020, exemplary damages under RCW 49.52.070, and reasonable attorneys' fees and costs associated with the Action. Plaintiffs also seek injunctive relief and compensatory damages for the Plaintiff under RCW 49.32.020.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 4
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

10.     The Parties participated in settlement negotiations from August to November of 2015. Defendant produced over 280 pages of documents and data for Plaintiff to review. In person meetings between counsel for the parties occurred on August 13, 2015 and November 4, 2015. Counsel for the parties communicated through letters, e-mail, and by phone on numerous occasions. Counsel exchanged multiple offers and counter offers that were reviewed with their clients. At all times, the negotiations leading to this Stipulation of Settlement have been adversarial, non-collusive, and at arm's length.

11.     Sixty-seven Settlement Class Members have been identified based on Plaintiffs review of "Employee Period Work Reports" provided by Defendant. For purposes of settling the Action only, the Parties conditionally stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class are met, and therefore, stipulate to class certification. More specifically, the Parties conditionally stipulate and agree for purposes of settling the Action only that:

a.     The Settlement Class is so numerous as to make it impracticable to join all Class Members.

b.     There is an ascertainable Settlement Class.

c.     There are common questions of law and fact including, but not necessarily limited to, the following:

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 5
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

1.   Whether Upland or its agents discharged workers who engaged in concerted activity during the 2014 cherry harvest;

2.   Whether Upland or its agents retaliated against workers after they joined together to protect their workplace rights during the 2014 cherry harvest;

3.   Whether Upland or its agents breached the working arrangement during the 2014 cherry harvest by unilaterally lowering the promised piece rate;

4.   Whether Upland or its agents failed to provide rest breaks for Plaintiffs who performed piece-rate work during the 2014 cherry harvest or at any time during the 2013 and 2012 seasons;

5.   Whether Upland or its agents failed to compensate missed rest breaks for Plaintiffs who performed piece-rate work during the 2014 cherry harvest or at any time during the 2013 and 2012 season;

6.   Whether Upland or its agents failed to compensate missed rest breaks for Plaintiffs who performed piece-rate work during the 2014 cherry harvest or at any time during the 2013 and 2012 season.

d.   The claims of the Representative Plaintiff are typical of the claims of the members of the Settlement Class.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 6
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

e.      David Solis, Lori Jordan Isley, and Joachim Morrison of Columbia Legal Services should be deemed "Class Counsel" and will fairly and adequately protect the interests of the Settlement Class.

f.      The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

g.      Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members in the Settlement Class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

12.      It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims of the sixty-seven settlement class members arising from the Action related to the 2012, 2013, and 2014 seasons.

13.      In order to achieve a full and complete release of Defendant for the released disputes and claims ("Released Claims"), each Settlement Class Member (which includes any legal heirs and/or successors-in-interest of each Settlement Class Member), through execution of the Stipulation and Settlement by the Class Representatives, acknowledges that this Stipulation of Settlement is intended to include in its effect all Released Claims arising from the allegations in the

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 7
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Complaint (limited to claims which arose between October 20, 2012 and June 10, 2014), including all claims set forth in Paragraph 20 of this Stipulation of Settlement.

14.    It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims against Upland asserted in the Complaint arising between October 20, 2012 and June 10, 2014.

## TERMS OF SETTLEMENT

15.    Settlement Payments. Defendant shall pay a total of $90,000 (hereinafter the "Total Settlement Payment") to settle this action. Plaintiffs propose (and Defendants do not object) to the following allocation of Settlement Proceeds:

a.    $67,500 of the Total Settlement Payment shall be paid to the Class Members (the "Class Payment"), as set forth below:

1.    $67,000 of the Class Payment shall be allocated amongst Settlement Class Members according to the AWPA statutory claims asserted on their behalf pursuant to 29 U.S.C §1854(c)(1). If all sixty-seven (67) putative class members file valid Claim Forms, each Class Member shall receive a *minimum* of $1,000 in statutory damages, although the Class Member with claims in more than one season would receive more. If all putative class members

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 8
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

do not file valid Claim Forms, the $67,000 will be distributed equally among those who do file a Claim Form, with the total amount of compensation per Settlement Class Member to be determined based on the number of claimants.

      2.    Juan M. Roque is the only Settlement Class Member who worked in more than one season based on Plaintiffs' review of Defendant's payroll records. Mr. Roque shall receive an additional $500 in AWPA statutory damages, should he file a valid Claim Form, to settle his allegation of failure to pay wages when due and payroll recordkeeping from 2013. Should Mr. Roque not file a claim, this amount will be distributed among those Settlement Class Members who file a Claim Form in accordance with subsection 1.

      b.    Plaintiff Ulises Alvarez shall receive $6,200 from the Total Settlement Payment in non-wage compensatory/general damages in recognition of the unique claims he asserted pursuant to RCW 49.32.020.

      c.    Class Counsel shall receive $16,300 from the Total Settlement Payment for statutory attorneys' fees and costs. Such fees and costs were pursued under the Washington fee-shifting statutes applicable to Plaintiffs' claims, RCW 49.48.030, RCW 49.52.070, and RCW 49.46.090 (the "Attorneys' Fees and Costs Payment"). The Attorneys' Fees and Costs Payment will compensate and reimburse Plaintiffs' counsel for (1) the work already performed by Plaintiffs' counsel in this case and all of the work remaining to be performed by Plaintiffs'

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 9
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

counsel in documenting the settlement, securing Court approval of the settlement, and making sure that the settlement is fairly administered and implemented, and (2) all costs actually incurred and reasonably anticipated to be incurred by Plaintiffs' counsel in litigating this Action and finalizing this settlement, including the costs associated with providing notice of the settlement and claims administration.

    16.   Continuing Relief: Upland agrees to provide the following relief to the Plaintiffs and Settlement Class Members:

    a.   Upland will observe its legal duty to honor the rights of workers who engage in concerted activity and it will not engage in any retaliation related thereto.

    b.   Upland will provide a copy of the negotiated Notice of Rights (Exhibit "B") in English and in Spanish to each employee who is on the company payroll on the date this Settlement Agreement is approved by the Court. Such Notice of Rights shall be provided to such employees on the first pay day following final approval of the Settlement.

    c.   Upland agrees to include a copy of the negotiated Notice of Rights in English and in Spanish in the "new hire packets" to be distributed to all new hires in 2016, including migrant and seasonal agricultural worker who return to work in Upland in 2016 after having worked at Upland in a prior year.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 10
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

d.    Upland agrees to post a copy of the negotiated Notice of

Rights in English and in Spanish for at least one year following final approval of

Settlement. The Notice shall be posted at all locations where Upland provides

other written notices required by law.

17.    <u>Timing of Payment</u>: Upland shall pay all monies within three

business days of the Approval Date outlined in paragraph 18.

18.    <u>Approval Date</u>. The provisions of the settlement embodied in this

Settlement Agreement shall be considered finally approved when all of the

following events have occurred: (i) this Settlement Agreement has been executed

by all Parties and by counsel for the Parties; (ii) the Court has given preliminary

approval to the Settlement; (iii) reasonable class notice as required by Rule

23(e)(1) and as approved by the Court has been given, providing proposed

Settlement Class Members with an opportunity to submit claims, opt out of the

Settlement, or object to the settlement; (iv) the Court has held a formal fairness

hearing and entered a final order and judgment certifying the Settlement Class

and approving this Stipulation of Settlement. The approval date of the Settlement

("Approval Date") shall be the later of either (1) the expiration of the time for

filing an appeal from the Court's entry of an order certifying the Settlement Class

and approving this Stipulation of Settlement (31 calendar days from entry of the

order) or (2) if a timely appeal is made, the date of the final resolution of that

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 11
CASE No. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

appeal and any subsequent appeals resulting in final judicial approval of the

Settlement. If the Court fails to approve the Settlement, or if any appellate court

fails to approve the Settlement, resulting in a failure to reach the Approval Date:

(1) the Settlement Agreement shall have no force and effect and no Party shall be

bound by any of its terms; (2) Upland shall have no further obligation to make

any payments to the Settlement Class Members or Class Counsel based on this

Settlement; (3) any preliminary approval order, final approval order and

judgment, including any order regarding class certification, shall be vacated; and

(4) the Settlement Agreement and all negotiations, statements and proceedings

and data relating thereto shall be protected by Federal Rule of Evidence 408 and

shall be without prejudice to the rights of any of the Parties, all of whom shall be

restored to their respective positions in the action prior to the Settlement. No

party shall appeal the Court's order on Settlement if the Court approves the

Settlement as presented by Plaintiffs or as modified in a manner not prejudicial to

that Party, as described in Paragraph 28 below.

  19. <u>Administration of Settlement Payments</u>.

The parties agree that Columbia Legal Services will administer the settlement.

    a. <u>Calculation of Settlement Class Members' Payments</u>. In

consideration for settlement and a release of all claims of the Settlement Class

against Defendant found in the complaint, each member of the Settlement Class

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 12
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

who returns a valid and timely Claim Form ("Qualified Claimant") shall receive at least $1000 for their 2014 claims related to Upland's alleged breach of the working arrangement and retaliation on June 10th, 2014, as well as those claims related to the failure to provide paid rest breaks during the 2014 season.  The amount of $67,000 will be distributed by Class Counsel equally among those who file a Claim Form, with the total amount of compensation per Settlement Class Member to be determined based on the number of claimants.

       b.     Only one Settlement Class Member, Juan M. Roque, has been identified by Upland as having performed piece rate work of any kind in 2013. Under the settlement proceeds distribution scheme proposed by Plaintiffs, Mr. Roque would be eligible to receive additional compensation of $500 for his claims related to alleged failure to provide paid rest breaks during the 2013 season.  Should Mr. Roque not file a claim, this amount will be distributed among those Settlement Class Members who file a Claim Form for claims relating to the 2014 season, as described above. All thirteen Settlement Class Members identified by Upland as having performed piece rate work of any kind for Upland in 2012 had claims that fall outside the statute of limitations.

       c.     Upon execution of this Settlement Agreement, Defendant will provide Class Counsel with the data and information necessary to provide class notices. Specifically, Defendant will furnish Class Counsel with the name, last

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 13
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

known home or mailing address, any known telephone number, birthdate, and dates of employment for each of the 67 Settlement Class Members ("Class Data List") identified in Exhibit A. Defendant will provide Class Counsel with the Class Data List on an Excel spreadsheet.

        d.    <u>Class Notice and Claim Forms</u>. Due to the fact that migrant and seasonal farmworkers tend to move often and may be difficult to locate, combined with the fact the last known home or mailing address and telephone number in Upland's possession are likely to be over a year old, Plaintiffs propose to include significant media efforts in their notice plan, in addition to notice by mail, as the best practicable notice to the class. See Fed. R. Civ. 23(c)(2)(B). Upland does not specifically endorse or approve of Plaintiffs' media efforts, but neither does it object to the notification scheme described below.

        e.    Upon the Court giving preliminary approval to the Settlement, Class Counsel will mail a Class Notice and a Claim Form in Spanish and English ("Notice Packet") to the Settlement Class Members' last known addresses, as identified in the Class Data List. All mailings will be by first class mail. Settlement Class Members will have 45 days from the initial mailing date to submit Claim Forms by mail or in person to Class Counsel. If sent by mail, the Claim Form must be postmarked on or before the deadline set forth in the Class Notice. Settlement Class Members must supply their own postage when

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 14
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

submitting a Claim Form to Class Counsel.  Class Counsel shall also provide a

Notice Packet to any Settlement Class Member who contacts Class Counsel and

requests a Notice Packet.

To ensure that the maximum number of potential Settlement Class

Members have the opportunity to submit claims, Class Counsel propose:

providing daily radio announcements in Spanish for six weeks through KDNA,

91.9 FM in the Yakima Valley and  thirty days of daily announcements through

Radio Bilingüe network stations in California and six other states; providing

written notice to be published weekly in Spanish in El Sol de Yakima for five

weeks; and arranging a meeting or meetings to answer Settlement Class

Member's questions and provide them with a Notice Packet and collect Claim

Forms.

In the event of any dispute in regard to the Class Notice, the Claim Form,

or the calculation of award checks, counsel for the Parties shall meet and confer

in good faith to resolve the dispute, and if the Parties cannot resolve the dispute, it

will be decided by the Court.

**The Parties agree that no funds from the Class Payment will revert to**

**Defendant.**

f.    <u>Right to Opt Out of Settlement</u>.  The Class Notice provided to

Settlement Class Members will include the right of each individual Settlement

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 15
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Class Member to opt out of the proposed Settlement. Any Settlement Class Member who wishes to opt out of the Settlement must submit the Exclusion Form to be provided in the Notice Packet or a written statement requesting exclusion from the Settlement within 45 days after the date Notice Packets are initially mailed to Settlement Class Members ("Objection/Exclusion Deadline Date"). Such written request for exclusion must contain the full name, current home (or mailing) address, and birthdate of the person requesting exclusion, and it must include a check-mark in the box next to the statement "I wish to be excluded from the settlement of the case entitled *Ulises Alvarez v. Upland Vineyards L.L.C.,* Case No. 1:15-cv-03185." The written request must be signed by the person requesting exclusion, must be sent by mail to the Court at the specified address set forth on the Class Notice and Exclusion Form, and must be postmarked on or before the deadline set forth on the Class Notice and Exclusion Form. Settlement Class Members must supply their own postage when mailing a request for exclusion from the Settlement to Class Counsel. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. In the event of any dispute concerning whether a Class Member has timely and properly opted out of the Settlement, counsel for the Parties shall meet and confer in good faith to resolve such dispute.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 16
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

None of the Parties shall take any action to encourage or persuade any Settlement Class Member to opt out of the Settlement.

g.   <u>Right to Object to Settlement</u>. The Class Notice provided to Settlement Class Members will include the right of each individual class member to object to the proposed Settlement. Any Settlement Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the Parties no later than 45 days after the date the Notice Packets are mailed ("Objection/Exclusion Deadline Date"). Class Members who fail to file and timely serve written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and shall be bound by the terms of the Settlement.

### RELEASE BY THE CLASS

20.   Upon final approval by the Court, the Settlement Class, including each Settlement Class Member who has not submitted a timely and valid written request to opt out of the Settlement, will release, to the extent permitted by law, Upland Vineyards L.L.C., from any and all claims asserted in the Complaint, including: federal claims raised under AWPA, 29 U.S.C. § 1855(a), 29 U.S.C. § 1822(a), 29 U.S.C. § 1832(a), 29 U.S.C. § 1822(c), 29 U.S.C. § 1832(c), 29

STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT - 17
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

U.S.C. § 1821(d)(1), 29 U.S.C. § 1831(c)(1) and  state claims raised under RCW 49.32.020, RCW 49.46.090, and RCW 49.52.050, that arose between October 20, 2012 and June 10, 2014.  This release does not include any claims for retaliation arising from the factual allegations alleged in the complaint that may have occurred after June 10, 2014, including refusal to hire workers in later years, seasons, or harvests, and future claims of retaliation for participating in this class action lawsuit or benefitting from the agreed relief.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

21.    The Parties shall promptly prepare and file with the Court a motion for preliminary approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement. The motion for preliminary approval shall request entry of a preliminary order which would accomplish the following:

a.    Define and certifying a Settlement Class under Federal Rule of Civil Procedure 23 for all claims;

b.    Appoint David Solis, Lori Jordan Isley, and Joachim Morrison of Columbia Legal Services as Class Counsel;

c.    Approving as to form and content the proposed Class Notice;

d.    Approving as to form and content the proposed Claim Form;

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 18
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

e.     Directing the dissemination of the Class Notice and Claim Form to the Settlement Class Members;

f.     Preliminarily approving the settlement subject only to the objections of Settlement Class Members and final review by the Court;

g.     Preliminarily approving Class Counsel's role in notifying class members and administering the settlement;

h.     Preliminarily approving Class Counsel's request for attorneys' fees and litigation expenses subject to final review of the Court; and

i.     Schedule a fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, should be finally approved as fair, reasonable, and adequate as to the Settlement Class Members.

## DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL

22.   Following final approval of the Settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed final order:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.     Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs; and

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 19
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

1         c.     Releasing all claims against Upland during the Settlement

2    Class Period except the excluded claims referenced in Paragraphs 20 above.

3
4         23.     Plaintiffs will not be obligated to dismiss this case until after (1) the

5    Court issues an order of final approval of the Settlement; and (2) Upland has

6    made settlement payment as outlined in this Settlement Agreement.

7    **PARTIES' AUTHORITY**

8
9         24.     The signatories hereto represent that they are fully authorized to

10   enter into this Stipulation of Settlement and bind the Parties to the terms and

11   conditions of this Settlement Agreement.

12
13   **MUTUAL FULL COOPERATION**

14        25.     The Parties agree to fully cooperate with each other to accomplish

15   the terms of this Stipulation of Settlement, including but not limited to, execution

16
17   of such documents and to take such other action as may reasonably be necessary

18   to implement the terms of this Stipulation of Settlement. The Parties to this

19   Stipulation of Settlement shall use their best efforts, including all efforts

20   contemplated by this Stipulation of Settlement and any other efforts that may

21

22   become necessary by order of the Court, or otherwise, to effectuate this

23   Stipulation of Settlement and the terms set forth herein. As soon as practicable

24   after execution of this Stipulation of Settlement, Class Counsel shall, with the

25   assistance and cooperation of Defendant and its counsel, take all necessary steps

26

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 20
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

to secure the Court's final approval of this Settlement. If the Court's approval of this Settlement Agreement includes modifications of the Agreement that do not prejudice any Party, each Party's remaining obligations and rights under the agreement will survive the modifications and remain in effect.

## NO PRIOR ASSIGNMENTS

The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

## CONSTRUCTION

26.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties. The Parties further agree that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

27.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 21
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

28.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto and approved by the Court.

## INTEGRATION CLAUSE

29.     This Stipulation of Settlement (including the exhibits) contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

30.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 22
CASE NO. 1:15-CV-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## CLASS COUNSEL SIGNATORIES

31.    It is agreed that because of the large number of Settlement Class Members, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement.  The Class Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class.

## COUNTERPARTS

32.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

STIPULATION OF SETTLEMENT AND
RELEASE BETWEEN PLAINTIFFS AND
DEFENDANT - 23
Case No. 1:15-cv-03185

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

1  DATED: January ___, 2016          UPLAND VINEYARDS L.L.C.

2

3

4                                    By: _Stue Newfqued_

5

6

7                                    Its: _Owner_

8

9

10

11

12  DATED: December _30_, 2015        _Ulises Alvarez Roman_

13                                    ULISES ALVAREZ
                                      Plaintiff and Class Representative
14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION OF SETTLEMENT AND                    COLUMBIA LEGAL SERVICES
RELEASE BETWEEN PLAINTIFFS AND                   6 South Second Street, Suite 600
DEFENDANT - 24                                   Yakima, WA 98901
CASE NO. 1:15-CV-03185                           (509) 575-5593

1

DATED:  December  30, 2015          COLUMBIA LEGAL SERVICES

2

3

4                                                By:_____

5                                                      DAVID SOLIS
                                                     Counsel for Plaintiffs

6

7

8

9

DATED:  January ___, 2016          STOKES LAWRENCE VELIKANJE
                                                MOORE & SHORE

10

11

12

13                                              By:_____

14                                                    Brendan Monahan
                                                     Counsel for Defendant
15                                                   UPLAND VINEYARDS L.L.C.

16

17

18

19

20

21

22

23

24

25

26

STIPULATION OF SETTLEMENT AND                          COLUMBIA LEGAL SERVICES
RELEASE BETWEEN PLAINTIFFS AND                          6 South Second Street, Suite 600
DEFENDANT - 25                                                       Yakima, WA 98901
CASE NO. 1:15-CV-03185                                               (509) 575-5593

1

CERTIFICATE OF SERVICE

2

    I hereby certify that on this 13th day of January, 2016, I electronically filed

3

the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the following:

5

6   David Solis                    david.solis@columbialegal.org,
                                    elvia.bueno@columbialegal.org
7

8   Lori Jordan Isley              lori.isley@columbialegal.org
                                    cheli.bueno@columbialegal.org
9

10  Joachim Morrison               joe.morrison@columbialegal.org,
                                    rachael.pashkowski@columbialegal.org
11

12  Brendan V. Monahan             Brendan.Monahan@stokeslaw.com,
                                    lori.busby@stokeslaw.com
13

14

    And I hereby certify that I have mailed by United States Postal Service the

15

document to the following non-CM/ECF participants:  None.

16

17                              _Elvia F. Bueno_
                                Elvia F. Bueno

18

19

20

21

22

23

24

25

26

STIPULATION OF SETTLEMENT AND                     COLUMBIA LEGAL SERVICES
RELEASE BETWEEN PLAINTIFFS AND                     6 South Second Street, Suite 600
DEFENDANT - 26                                          Yakima, WA 98901
CASE NO. 1:15-CV-03185                                  (509) 575-5593