UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ULISES ALVAREZ, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>UPLAND VINEYARDS L.L.C.,<br><br>Defendant. | NO: 1:15-CV-3185-TOR<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

BEFORE THE COURT is Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 10). A Final Fairness Hearing was originally scheduled for June 14, 2016; however, no class member filed a written statement objecting to the proposed class settlement. As a result, this Court cancelled the Final Fairness Hearing as unnecessary.

The Court—having reviewed the briefing, record, and files therein—is fully informed and grants final approval of the class action settlement.

//

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 1

# BACKGROUND

Plaintiffs, Ulises Alvarez and other migrant and seasonal farmworkers formerly employed by Upland Vineyards, commenced this action on October 20, 2015. ECF No. 1. Plaintiffs alleged, *inter alia*, that they were discharged in June 2014 in retaliation for exercising their workplace rights. Specifically, Plaintiffs alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.*, Washington's Little Norris La Guardia Act, RCW 49.32.020, and state wage laws. *Id.*

On February 29, 2016, the Court provisionally certified the proposed class and granted preliminary approval of the class action settlement and notice plan. ECF No. 7. Following entry of this Order and in conformance therewith, class counsel provided notice to all class members. *See* ECF Nos. 11; 12.

In the instant motion, Plaintiffs seek final certification of the farm worker class, final approval of the Settlement Agreement, and entry of final judgment including the payment of attorney fees and expenses. ECF No. 10.

The Court enters the following findings of fact and conclusions of law:

**A. Jurisdiction**

1.  The Court has subject matter jurisdiction over the claims in this case and personal jurisdiction over the Parties, including all Class Members, pursuant to

28 U.S.C. § 1331 (federal questions), 29 U.S.C. § 1854 (AWPA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

**B. Settlement Class**

2. The Court provisionally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3) the Settlement Class consisting of the following: All migrant and seasonal farm workers employed as cherry pickers at Upland in 2014 whose employment was terminated on July 10, 2014. ECF No. 13-14.

3. For the purposes of final settlement, the Court finds that Plaintiffs have demonstrated that the Federal Rules of Civil Procedure 23(a) factors are met as follows:

(a) The Settlement Class consists of 67 individual workers and is so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to the Settlement Class because the same alleged conduct of Upland forms the basis of the claims, including whether Upland or its agents (1) discharged workers who engaged in concerted activity during the 2014 cherry harvest; (2) retaliated against workers after they joined together to protect their workplace rights during the 2014 cherry harvest; (3) breached the working arrangement during the 2014 cherry harvest by unilaterally lowering the promised piece rate; (4) failed to provide rest breaks for

1  Plaintiffs who performed piece-rate work during the 2014 cherry harvest or at any
2  time during the 2012 or 2013 seasons; and (5) failed to compensate missed rest
3  breaks for Plaintiffs who performed the piece-rate work during the 2014 cherry
4  harvest or at any time during the 2012 and 2013 season;

5      (c)  Plaintiff Alvarez's claims for relief are typical of the claims of his
6  fellow class members as they involve the same injury and same course of
7  conduct—retaliatory discharge and deprivation of workplace rights and
8  compensation and there are no defenses unique to Plaintiff Alvarez;

9      (d)  The representative parties, Plaintiff Alvarez and his attorneys with
10 Columbia Legal Services, have fairly and adequately protected the interests of the
11 Settlement Class; have no conflicts of interest with Settlement Class members as
12 demonstrated through the high return of claims and no objections or requests for
13 exclusion; and have vigorously prosecuted the action through informal discovery,
14 negotiations, and the class notification process.

15     4.  For the purposes of settlement, the Court finds that Plaintiff has
16 demonstrated that the requirements of Federal Rules of Civil Procedure 23(b)(3)
17 are also met as follows:

18     (a)  Questions of law and fact common to all class members
19 predominate over individualized questions because as detailed in paragraph 3(b)
20 the farm worker class—farm workers who were all allegedly discharged on June

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 4

1  10, 2014, for asserting their workplace rights and who were all allegedly deprived

2  of workplace rights—is sufficiently cohesive to warrant adjudication by

3  representation;

4      (b)     Class adjudication is superior to separate individual actions

5  because (i) the class members do not have a significant interest in litigating their

6  claims separately because the value of each class member's claim is relatively

7  small and the cost of litigating the claims would likely exceed the value of

8  recovery as demonstrated by the participation in the claims process; (ii) there is no

9  existing litigation concerning the same subject-matter; (iii) the parties agree

10  concentration of the litigation in a single forum avoids risks of inconsistent or

11  varying adjudications; and (iv) it is feasible to manage the case as a class action

12  again as demonstrated through the settlement and claims process.

13     5.     The Court finds the Settlement Class should be finally certified for the

14  purposes of settlement.

15  **C. Notice to Settlement Class and Opportunity to Opt Out or Object**

16     6.     As demonstrated by the declarations of Lori Isley and Elvia F. Bueno

17  and the attached exhibits, *see* ECF Nos. 11-13, class counsel have provided notice

18  to Settlement Class Members in the manner and form approved by the Order

19  Granting Preliminary Approval and as set forth in the Settlement Agreement. The

20  Court finds that the notice was the best practicable under the circumstances and

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 5

1  complied fully with the Order Granting Preliminary Approval, the Federal Rules of

2  Civil Procedure, and the constitutional requirements of due process under federal

3  and state law.

4      7.    Class counsel held a meeting for class members. During the meeting,

5  class members had a full opportunity to ask questions about the terms and

6  conditions of the proposed settlement and were informed of their right to exclude

7  themselves from the class, to object to the proposed settlement, and to appear at the

8  Final Fairness Hearing.

9      8.    Class members had a full and informed opportunity to exclude

10  themselves from the class and otherwise opt out of this lawsuit. No individuals

11  chose to exclude themselves from the class.

12  **D. Fairness and Adequacy of the Settlement Agreement**

13      9.    The Court has determined that a full opportunity has been given to

14  class members to be heard in favor of or and opposition to the terms of the

15  Settlement Agreement, to Class Counsel's request for attorney fees, and to

16  otherwise file notice of the intent to appear at the Fairness Hearing as originally

17  scheduled.

18      10.    No class member filed any objection to the settlement or to Class

19  Counsel's request for attorney fees by the May 10, 2016, deadline for doing so.

20

1      11.     Upland has provided the Notice of Rights in English and Spanish

2  (ECF No. 6-2) to all new hires in 2016 as required by the Settlement Agreement.

3      12.     The Court has carefully considered all the papers, evidence, and

4  arguments before it and has made its independent judgment that (1) while class

5  members' claims are strong, they face the risk of protracted litigation, the

6  associated expense, and the difficulty of maintaining contact over the duration of

7  the litigation; (2) the amount offered in settlement is fair and reasonable; (3) the

8  settlement negotiations were significant, conducted at arm's-length by experienced

9  counsel on both sides, and involved substantial informal discovery; (4) experienced

10 counsel for the parties support the settlement; and (5) 85% of the class has

11 responded and no responding class member has objected to the settlement or

12 requested to be excluded therefrom. *See In re Online DVD-Rental Antitrust Litig.*,

13 7790 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*,

14 361 F.3d 566, 575 (9th Cir. 2004)).

15     13.     Having considered the foregoing, as well as the lack of any

16 objections; the costs, risks and delays of continued litigation versus the benefits

17 provided by the settlement; and this Court's knowledge of this Action, the Court

18 finds and concludes that the settlement is in the best interest of the class and is fair,

19 reasonable, and adequate as to all class members.

20 //

### E. Attorney Fees and Costs

14. The Court has considered the request of Class Counsel for an award of attorney fees and costs, included in the proposed Settlement Agreement.

15. The Court finds that Class Counsel should receive an award of reasonable attorney fees and costs in the amount of $16,300. This compromised amount is reasonable based upon the time and effort expended, the experience of counsel, the costs of class notice, and the results obtained.

**ACCORDINGLY, IT IS SO ORDERED:**

1. Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 10) is **GRANTED**.

2. The terms of the Settlement Agreement (ECF No. 6) are granted final approval, are confirmed as fair, reasonable and adequate, are adopted by this Court as though fully set forth herein, and are binding on Plaintiff, class members, and Upland Vineyards, LLC.

2. Pursuant to Fed. R. Civ. P. 23(b)(3) and for the purposes of settlement, the Court makes final its provisional certification of the Settlement Class: All migrant and seasonal farm workers employed as cherry pickers at Upland in 2014 whose employment was terminated on July 10, 2014.

//

//

3. The Court designates Plaintiff Alvarez as Class Representative.

4. The Court appoints Lori Jordan Isley and Joachim Morrison of Columbia Legal Services (CLS) as Class Counsel. David Solis is no longer with Columbia Legal Services and withdrew as counsel pending final approval.

5. The Court appoints CLS as Settlement Administrator.

6. Upland shall pay $90,000 to CLS no later than three business days from the expiration of the time for filing an appeal.

7. CLS shall disseminate a Notice of Right to Class Action Settlement Payment, *see* ECF No. 10-1 at 11-13, to each class member who returned a claim form, advising him or her of the payment amount of $1,175.44, with the exception of class member Roque who will be advised of an additional $500 payment. CLS shall pay Class Representative Alvarez an additional $6,200 for his non-wage compensatory/general damages.

8. CLS shall include in the Notice of Right to Class Action Settlement an in-person distribution date in Yakima, which shall occur within 50 days after entry of this Order. Class members shall have the option of participating in the in-person distribution or receiving their check by certified mail, return receipt requested, restricted delivery (which requires identification) at the address provided on their claim form following the in-person distribution.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 9

9.     No later than 80 calendar days after entry of this Order, Class Counsel shall file a report or declaration that they have complied with paragraphs 7 and 8 of this Order and provide an accounting of settlement payments.

10.    The Court awards $16,300 to Class Counsel for attorney fees and costs.

11.    Upland shall provide the Notice of Rights (ECF No. 6-2) in English and Spanish to each of its employees on the company payroll on the date of this Order and on the first pay day following entry of this Order.

12.    Upland shall continue to provide a copy of the Notice of Rights in English and Spanish to all new hires as set forth in the Settlement Agreement following entry of this order through the end of 2016.

13.    Upland shall post a copy of the Notice of Rights in English and Spanish at all locations where Upland provides other written notices required by law no later than the date this Order is entered and continuing for one year following its entry.

14.    Upon payment in paragraph 6 of this Order, the claims of Plaintiff and class members shall be released pursuant to paragraphs 20 and 23 of the Settlement Agreement (ECF No. 6).

//

//

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 10

15. Without affecting the finality of this Order in any way, the Court retains jurisdiction over the claims against Defendants for purposes of resolving any disputes that may arise under the Settlement Agreement and this Order.

16. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** June 22, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 11